50 F.3d 18
 1995 Copr.L.Dec. P 27,391, 35 U.S.P.Q.2d 1315
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George WENDT and John D. Ratzenberger, Plaintiffs-Appellants,
v.
HOST INTERNATIONAL, INC., Defendant-Appellee.
Paramount Pictures Corporation, Applicant in Intervention-Appellee.
 Nos. 93-56318, 93-56510.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1995.
Decided March 16, 1995.
 
 Before: FERGUSON, BEEZER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs George Wendt and John Ratzenberger appeal the district court's grant of summary judgment in favor of defendant Host International, Inc. ("Host") and applicant in intervention Paramount Pictures Corporation ("Paramount"), as well as the district court's orders awarding Host and Paramount their attorney fees. This case involves claims arising from the alleged appropriation of plaintiffs' identities in the design of animatronic figures placed in bars operated by defendant Host. We have jurisdiction, 28 U.S.C. Sec. 1291, and we reverse.
 
 
 3
 * We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We view the evidence in the light most favorable to the nonmoving party, and must determine whether there are disputed issues of material fact and whether the district court correctly applied the substantive law. Id. at 1339-40.
 
 II
 
 4
 At the outset, we wish to make it clear that this is not a preemption case. Plaintiffs' causes of action are not preempted by federal copyright law. Midler v. Ford Motor Co., 849 F.2d 460, 462-63 (9th Cir.1988) ("What is put forward as protectable here is more personal than any work of authorship.... A voice is as distinctive as a face.") (emphasis added). More broadly, plaintiffs' claims are not preempted by the federal copyright statute so long as they "contain elements, such as the invasion of personal rights ... that are different in kind from copyright infringement." Waits v. Frito Lay, Inc., 978 F.2d 1093, 1100 (9th Cir.1992) (quoting H.R.Rep. No. 1476, 94th Cong., 2d Sess. 132, reprinted in 1976 U.S.C.C.A.N. 5659, 5748), cert. denied, 113 S.Ct. 1047 (1993).
 
 
 5
 In Waits, we held that the unauthorized commercial use of one's identity is an invasion of "a personal property right," different in kind from copyright infringement. 978 F.2d at 1100. This is true because the torts at issue require the proof of additional elements beyond those essential to show copyright infringement. See id. For example, both section 334 and the common law right of publicity tort require proof that the defendant's use of the plaintiff's "likeness" or "identity" was commercial (i.e. connected with selling or promoting a product), whereas copyright infringement occurs with any unauthorized copying of the protected material. See 17 U.S.C. Secs. 106, 501; Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1472 (9th Cir.), cert. denied, 113 S.Ct. 198 (1992).
 
 
 6
 Plaintiffs' state law causes of action are not preempted by the operation of federal copyright statutes.
 
 III
 
 7
 The district court ruled, based upon photographs of Wendt, Ratzenberger and the "Hank" and "Bob" animatronic figures, that, as a matter of law, the figures were insufficiently similar to plaintiffs to constitute their "likenesses" under California Civil Code section 3344. We disagree; there are disputed issues of material fact which preclude summary judgment.
 
 
 8
 Section 3344 is a statutory enactment of the commercial appropriation derivation of the common-law right to privacy. See W. Page Keeton et al., Prosser and Keeton on Torts Sec. 117, at 851-52 (5th ed. 1984). In pertinent part, it provides that "[a]ny person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner ... for purposes of advertising or selling ... without such person's prior consent ... shall be liable for any damages sustained by the person or persons injured as a result thereof." Cal.Civ.Code Sec. 3344 (West 1995). A "likeness" refers to a visual image of a person, other than a photograph. Midler, 849 F.2d at 463; see also Cal.Civ.Code Sec. 3344(b) (defining "photograph").
 
 
 9
 In White v. Samsung Electronics America, Inc., 971 F.2d 1395, 1397 (9th Cir.1992), cert. denied, 113 S.Ct. 2443 (1993), we determined that a robot in a blonde wig with metallic, mechanical features was not the "likeness" of Vanna White under section 3344. Importantly, White makes it clear that whether an image is a "likeness" under section 3344 must be decided without reference to the context in which the image appears. In concluding that White's claim failed, we stated that we were not "deciding for all purposes when a caricature or impressionistic resemblance might become a 'likeness.' " Id. Thus, White is not controlling here.
 
 
 10
 In White, the court determined that, although the robot was not a "likeness" of the plaintiff, the context in which the robot appeared created a material issue of fact as to whether the defendants had appropriated the plaintiff's identity within the meaning of the California common law right of publicity.[1] Id. at 1397-99. Hence, under section 3344, whether the animatronic figures are likenesses of Wendt and Ratzenberger must be determined without reference to the familiar clothing and setting in which the figures appear.
 
 
 11
 The district court compared photographs of plaintiffs Wendt and Ratzenberger with photographs of the animatronic figures and took "judicial notice" of the fact that the figures were not identical to plaintiffs. This conclusion appears to have been the basis of the district court's summary judgment on the section 3344 claims. We need not determine whether the district court's purported taking of judicial notice was correct. Assuming that the facts judicially noticed are true, the case is not at an end. The question here is whether the three dimensional animatronic figures are sufficiently similar to plaintiffs to constitute their likenesses. Based on the limited record before us, it cannot be said as a matter of law that the figures are so dissimilar from plaintiffs that no reasonable trier of fact could find that them to be "likenesses." That question must be determined by a comparison of the actual, three-dimensional entities.
 
 IV
 
 12
 As to the plaintiffs' common law right of publicity claims, the parties dispute the correct legal standards to be applied. We need not determine the exact reach of the law; we conclude that even under the narrowest definition there is a disputed issue of material fact.
 
 
 13
 Appellees contend that the dress and setting in which the animatronic figures appear invoke the characters "Norm" and "Cliff," rather than the plaintiffs' identities as individuals. Paramount argues that the "Norm" and "Cliff" characters are its property, not part of plaintiffs' identities protected under the right of publicity. Even if we assume that this is correct, and we make no such holding, we have already explained that the similarity between plaintiffs' human physical characteristics and those of the figures is sufficient to create a disputed issue of material fact.
 
 V
 
 14
 Plaintiffs' final substantive claim is for unfair competition under section 43(a) the Lanham Act (15 U.S.C. Sec. 1125(a)).
 
 
 15
 In this situation, section 43(a) will provide a cause of action for Wendt and Ratzenberger if Host's conduct has created a likelihood of confusion as to whether plaintiffs were endorsing Host's product. White, 971 F.2d at 1399-1400. There is a well settled eight factor test to be applied to celebrity endorsement cases under section 43(a). Newton v. Thomason, 22 F.3d 1455, 1462 (9th Cir.1994).
 
 
 16
 In light of our other holdings, it is sufficient to observe that one of the primary factors to be considered is the "similarity of the marks." Id. As there is a disputed issue of material fact as to the similarity between plaintiffs and the figures, summary judgment was inappropriate on this claim.
 
 VI
 
 17
 Plaintiffs challenge the district court's ruling on a motion in limine brought by Host. That ruling is not properly before us at this time. The motion is not dispositive of the case. We are remanding the case for trial, and have no way to divine what the state of the record will be after the trial is complete. We express no opinion on the propriety of the district court's ruling.
 
 VII
 
 18
 The judgment of the district court is REVERSED.
 
 
 19
 The district court's attorney fee awards are VACATED. As no party has yet prevailed on the merits, no additional award of attorney fees is appropriate at this time.
 
 
 20
 REVERSED in part, VACATED in part and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The robot appeared in a Samsung commercial, standing in plaintiff's customary position on a facsimile of the set of the "Wheel of Fortune" game show